OPINION
Defendant Charlotte Tubbs appeals a judgment of the Court of Common Pleas of Fairfield County, Ohio, which convicted and sentenced her for one count of theft in violation of R.C. 2913.02, after a jury found her guilty. Appellant assigns five errors to the trial court:
ASSIGNMENTS OF ERROR
 I. THE APPELLANT WAS DENIED DUE PROCESS UNDER THE FOURTEENTH AMENDMENT DUE TO THE FACT THAT SHE WAS FOUND GUILTY OF THEFT PURSUANT TO OHIO REVISED CODE § 2913.02 WHEN SAID CONVICTION WAS NOT BASED UPON SUFFICIENT EVIDENCE DISPLAYING APPELLANT'S GUILTY BEYOND A REASONABLE DOUBT AND THE JURY'S VERDICT WAS INCONSISTENT WITH THE EVIDENCE AND TESTIMONY PRESENTED AT TRIAL.
 II. THE TRIAL COURT ERRED AS A MATTER OF LAW WHEN IT DENIED APPELLANT'S MOTION FOR JUDGMENT OF ACQUITTAL.
 III. THE TRIAL COURT ERRED AS A MATTER OF LAW WHEN IT DENIED APPELLANT'S MOTION FOR NEW TRIAL/MODIFICATION OF THE VERDICT.
 IV. THE TRIAL COURT'S SENTENCE OF APPELLANT IS CONTRARY TO LAW.
 V. THE TRIAL COURT ERRED AS A MATTER OF LAW WHEN IT REQUIRED THE APPELLANT TO PAY THE COURT COSTS.
At trial, the State presented evidence tending to show appellant stole ten dresses from the Lazarus store at River Valley Mall in Lancaster, Fairfield County, Ohio. The Loss Prevention Manager testified he observed appellant select several items and then bend down for about a minute. During the time she was bent over, appellant was screened from the view of the camera. Appellant and her companion stopped what they were doing when sales associates walked by. Appellant was apprehended outside the store with a large green trash or leaf bag. The Loss Prevention Manager examined the bag and found ten women's dresses, but no receipt or proof of purchase. The Loss Prevention Manager testified the value of the dresses, as ascertained by totaling the amounts listed on the sales tickets, was $633.90. The State also played the video tape from a security camera which showed some of what the Loss Prevention Manager testified he had observed, but not all.
 I
Appellant argues her conviction was contrary to the sufficiency and manifest weight of the evidence. In State v.Thompkins (1997), 78 Ohio St.3d 380, the Ohio Supreme Court recently explored the similarities and distinctions between the legal concepts of sufficiency of the evidence and weight of the evidence. The Supreme Court first noted the concepts are both qualitatively and quantitatively different, because sufficiency of the evidence refers to the legal standard applied to determine whether the evidence is legally sufficient to support a verdict as a matter of law, Thompkins at 386, citations deleted. Even if a judgment is sustained by sufficient evidence, the judgment may nevertheless be against the weight of the evidence, because the concept of weight of the evidence concerns the amount of credible evidence offered at a trial in support of one side of the issue,Thompkins at 387, citations deleted.
We have reviewed the record, and we find the evidence is sufficient as a matter of law. Further, we find the manifest weight of the evidence sustains the jury's verdict that the State had proven all the elements of the crime beyond a reasonable doubt.
The first assignment of error is overruled.
 II
Appellant moved for a judgment of acquittal at the close of the State's case. Motions for acquittal made pursuant to Crim.R. 29(A) require the court to determine whether the evidence is sufficient as a matter of law, such that the jury should be permitted to deliberate on the charge. The question is whether reasonable minds can come to different conclusions regarding whether the State proved each material element of the crime, seeState v. Bridgeman (1978), 55 Ohio St.2d 261.
As we held in I, supra, we find the trial court did not err in overruling the motion for judgment of acquittal, because the evidence presented was sufficient as a matter of law.
The second assignment of error is overruled.
 III
Appellant moved for a new trial or in the alternative for a modification of the verdict. Appellant urged, again, that the State had not proven all the elements of theft beyond a reasonable doubt, and also argued the jury did not deliberate properly before returning its verdict. We have already rejected appellant's argument regarding the weight and sufficiency of the evidence, seeI and II, supra.
Regarding appellant's challenge to the jury's deliberation, the State points out it presented a direct eyewitness to the crime, along with a video tape of the criminal activity. Although appellant argued to the jury there was no evidence appellant actually placed the dresses in the bag, a jury was entitled to find she did so, based upon the direct evidence of her behavior in the store, coupled with her presence outside the store with the bag of dresses. Appellant also argues the State failed to prove the value of the dresses was over $500.00, because the Loss Prevention Manager testified he was unaware whether any of the items appellant took had been on sale. The trial court properly instructed the jury if the property stolen in a theft offense is personal property held for sale, either wholesale or retail, the price for which the property is offered for sale is prima facia
evidence of its value. We find the trial court did not err in rejecting appellant's motion to modify the verdict or in the alternative, to grant a new trial. Accordingly, the third assignment of error is overruled.
 IV
Appellant next challenges the sentencing, arguing there is a presumption against imposing a prison sentence upon appellant pursuant to R.C. 2953.08. Appellant argues the court should have sent her to a drug-treatment facility rather than incarcerating her, because treating her addiction would reduce the likelihood of recidivism.
The trial court found appellant had previously served a prison term, and had not responded favorably to the prison term or previously imposed sanctions. The appellant was on parole and/or post-release control at the time the theft offense was committed, and she had a very lengthy felony record. The court concluded a community control sanction would not adequately punish appellant nor would it protect the public because recidivism was likely. The trial court explained at some length the circumstances which it found were appropriate to deny community control. While this court certainly does not minimize the importance of drug treatment to reduce recidivism, nevertheless, on this record we cannot find the trial court erred in selecting an alternative provided by statute.
The fourth assignment of error is overruled.
 V
Finally, appellant argues the trial court erred as a matter of law by requiring the appellant to pay court costs. Appellant was indigent, and she asserts there is no likelihood that she will be able to pay any financial sanctions.
As the State points out, the court took appellant's indigency into account and did not order a fine, but rather, simply imposed court costs. We find the court did not abuse its discretion in so doing.
The fifth assignment of error is overruled.
For the foregoing reasons, the judgment of the Court of Common Pleas of Fairfield County, Ohio, is affirmed, and the cause is remanded to that court for execution of sentence.
By Gwin, J., Farmer, P.J., and Hoffman, J., concur.
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Fairfield County, Ohio, is affirmed, and the cause is remanded to that court for execution of sentence. Costs to appellant.